COMMUNIST PARTY, U. S. A., ET AL. *v.* CATHER-
WOOD, INDUSTRIAL COMMISSIONER.

No. 495.   Argued May 4, 1961.—Decided June 12, 1961.

*John J. Abt* argued the cause and filed a brief for
petitioners.

*Julius L. Sackman* argued the cause for respondent.
With him on the brief were *Louis J. Lefkowitz,* Attorney
General of New York, *Paxton Blair,* Solicitor General,
and *Samuel Stern,* Assistant Attorney General.

MR. JUSTICE HARLAN delivered the opinion of the
Court.

We here review the upholding by the New York Court
of Appeals of the action of the New York State Indus-

trial Commissioner terminating petitioners' registration and liability to state taxation as employers under the New York State Unemployment Insurance Law. N. Y. Labor Law, §§ 511–512, 517–518, 570, 577, 581. This determination was effected under what was conceived to be the compulsion of a federal statute, the Communist Control Act of 1954, 68 Stat. 775, 50 U. S. C. §§ 841–844, which provides, in pertinent part:

"Section 2. The Congress hereby finds and declares that the Communist Party of the United States, although purportedly a political party, is in fact an instrumentality of a conspiracy to overthrow the Government of the United States . . . . Therefore the Communist Party should be outlawed.

"Section 3. The Communist Party of the United States, or any successors of such party regardless of the assumed name, whose object or purpose is to overthrow the Government of the United States, or the government of any State, Territory, District, or possession thereof, or the government of any political subdivision therein by force and violence, *are not entitled to any of the rights, privileges, and immunities attendant upon legal bodies created under the jurisdiction of the laws of the United States or any political subdivision thereof; and whatever rights, privileges, and immunities which have heretofore been granted to said party or any subsidiary organization by reason of the laws of the United States or any political subdivision thereof, are hereby terminated:* Provided, however, That nothing in this section shall be construed as amending the Internal Security Act of 1950, as amended." (Emphasis supplied.)

New York has an "experience rating" scheme whereby employers with consistent records of high employment

levels are taxed at a lower rate than would otherwise obtain. Under the Federal Unemployment Tax Act, 26 U. S. C. §§ 3301–3308, an employer is entitled to a federal tax credit for the amount paid in state unemployment taxes. If the state taxing structure allows for a reduction in tax rate to employers with good employment records under a federally certified "experience rating" system, the federal tax is nevertheless reduced by the highest rate imposed by the State, so that the employer retains the full benefit of his experience rating reduction. Thus, before the termination of their New York registration the combined federal and state tax rate of the petitioner, Communist Party, U. S. A., was 1%, and that of the petitioner, Communist Party of New York State, was, according to its representations, 1.1%. The effect of the registration termination as to both was to increase the rate to 3%, the rate provided in the federal statute.[1]

We granted certiorari, 364 U. S. 918, to consider the petitioners' claims that New York has mistakenly construed the Communist Control Act of 1954 to require termination of their status as employers under the New York statute, and, contrariwise, that both § 3 of the Communist Control Act, so construed, and New York's termination of registration infringed the Constitution of the United States.[2]

We must reject at the outset respondent's contention that the Court of Appeals' decision rested on a determination, based on judicial notice which was not displaced by any proof, that petitioners were not employers within the

---

[1] The basic federal rate was increased to 3.1% by Public Law 86–778, § 523 (c), 74 Stat. 924, 982, effective 1961. 26 U. S. C. § 3301.

[2] Petitioners argue that the Act on its face and as applied violates the Due Process Clause of the Fifth Amendment and Art. I, § 9, cl. 3 of the Federal Constitution, which provides that "no Bill of Attainder or ex post facto Law shall be passed." Petitioners also contingently assert a Fourteenth Amendment claim, see note 6, *infra*.

meaning of § 512 of the New York Labor Law, but a criminal conspiracy. It is entirely clear that the Industrial Commissioner and the Unemployment Insurance Referee,[3] the Unemployment Insurance Appeal Board,[4] and the Court of Appeals [5] all based their determination squarely on what they conceived to be the compulsion of the Communist Control Act. The Court of Appeals' amended remittitur, which states that the questions of the construction and constitutionality of the Communist Control Act "were presented and necessarily passed upon," puts the matter beyond doubt.[6]

Following the familiar rule that decision of Constitutional questions should be avoided wherever fairly possible, we turn at once to the federal statute which this Court has not heretofore had occasion to construe. Apart from unrevealing random remarks during the course of debate in the two Houses, there is no legislative history which in any way serves to give content to the vague terminology of § 3 of the Communist Control Act. The

---

[3] The Referee, in reviewing the administrative action of the Commissioner, stated that "the Commissioner's representatives . . . urge that Congress has effectively outlawed the Communist Party and thus, by force of law, the Referee is bound to find that . . . there could not have been any valid employment . . . ." (R. 5.) This contention the Referee accepted, holding that "Congress effectively terminated the right of the Parties to enter into contracts of employment . . . ." (R. 7.)

[4] The Board affirmed the Referee's conclusions of law. (R. 2.)

[5] See 8 N. Y. 2d 77, at 83, 168 N. E. 2d 242, at 245, for the opinion of Chief Judge Desmond, with whom Judge Dye concurred, and 8 N. Y. 2d, at 90–91, 168 N. E. 2d, at 248–249, for the opinion of Judge Van Voorhis, with whom Judge Burke concurred. Two judges of the court dissented, and one judge did not participate.

[6] Petitioners also argue that if the administrative action rested upon some state procedural ground, as respondent contends, then that action violated the Due Process Clause of the Fourteenth Amendment. We do not reach this contention.

statute contains no definition, and neither committee reports nor authoritative spokesmen attempt to give any definition, of the clause "rights, privileges, and immunities attendant upon legal bodies created under the jurisdiction of the United States or any political subdivision thereof." Respondent would have us construe this language to mean that wherever a situation advantageous to the petitioners occurs by reference to the statutory or common law of a State or any other government in the United States, this is to be considered a "right," "privilege," or "immunity," and must be deemed to be withheld by the Act. On this basis New York has reasoned that liability to taxation as an employer, though not a privilege in the ordinary sense of the term, is nonetheless a recognition of the common-law contractual capacity to employ, and as such is advantageous to petitioners; and further, that an employer whose employees are unable to benefit from state and federal unemployment insurance programs will be disadvantaged in finding and keeping employees. Therefore it was thought that the Communist Control Act required termination of the registration of petitioners as employers.

This interpretation, raising as it does novel constitutional questions, the answers to which are not necessarily controlled by decisions of this Court in connection with other legislation dealing with the Communist Party, must, we think, be rejected. Not only does the language of the statute fall far short of compelling such an interpretation, but there are good indications that the particular result of barring petitioners as employers under state and federal unemployment insurance systems was not within the contemplation of this Act. The Internal Revenue Service has continued to collect taxes from petitioners under the Federal Unemployment Tax Act,[7]

---

[7] The Solicitor General, in a letter to the Clerk of this Court responding to a certification by the Court to the Attorney General

and Congress in 1956 has dealt in terms with a like matter, excluding from federal old-age, survivors and disability benefits, 42 U. S. C., c. 7, subchapter II, employment with any organization required to register by the Subversive Activities Control Board and removing from the coverage of the Federal Insurance Contributions Act, 26 U. S. C., c. 21, any such organization,[8] thus tying the exclusion to the administrative fact findings and determinations required by the Internal Security Act of 1950, 64 Stat. 987; see *Communist Party* v. *Subversive Activities Control Board, ante,* p. 1.

In face of these considerations we should hesitate long before attributing to Congress a purpose to effectuate the similar exclusion in this instance by legislative fiat. Our reluctance to accept a state interpretation which would have that effect is fortified both by the difficult constitutional questions that would result and by the undesirability of having conflicting state and federal administrative interpretations of a federal statute establishing this "coordinated and dual system" (*Buckstaff Co.* v. *McKinley,* 308 U. S. 358, 364) of employment insurance.

---

of the United States that the constitutionality of a federal statute had been drawn into question in this case, stated that "[t]here is no need to file a brief describing the practice of federal agencies in interpreting the statute [The Communist Control Act of 1954], for this information is already set forth in the opinion of Judge Fuld in the New York Court of Appeals." The dissenting opinion of Judge Fuld states that "the federal authorities, admittedly aware of the Industrial Commissioner's position, have taken one diametrically opposed and continue to recognize the Communist Party as an employer subject to the Federal act."

[8] 42 U. S. C. § 410 (a) (17) and 26 U. S. C. § 3121 (b) (17), Act of August 1, 1956, § 121 (c) and (d), 70 Stat. 839. No similar exclusion, however, has been made from the coverage of the Federal Unemployment Tax Act, 26 U. S. C., c. 23, which imposes the federal tax against which the state taxes involved in this case are credited. See p. 391, *supra.*

We hold that the Communist Control Act of 1954 does not require exclusion of the petitioners from New York's unemployment compensation system. Since the New York Court of Appeals' decision unmistakably rested on the contrary premise, its judgment must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

MR. JUSTICE BLACK concurs in the result.