In the Matter of WILSON S. PERKINS, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, August 1, 1961.

Louis J. Lefkowitz, Attorney-General (Harold F. Lee, Paxton Blair and Samuel Stern of counsel), for appellant.

Harold Massey for respondent.

GIBSON, J.   The Industrial Commissioner appeals from a decision of the Unemployment Insurance Appeal Board which held respondent employer exempt from payment of contributions from January 2, 1953 as an employer of agricultural labor (Labor Law, § 511, subd. 6).

The term " agricultural labor " is defined by the statute as including, among many other forms of service there enumerated, that performed " on a farm, in the employ of any person ", in connection with the raising and caring for poultry (Labor Law, § 511, subd. 6, par. [a], cl. [1]) ; in handling, packing, processing, storing or delivering to market any agricultural commodity, " but only if such service is performed as an incident to farming operations " (id., cl. [4]).

The employer owned a 32-acre farm which was not cultivated or operated except as he utilized certain buildings in raising poultry and eggs for sale and for handling a large portion of the additional quantities of poultry and eggs purchased by him for resale.   In 1953, he sold 458,366 dozen eggs, of which his chickens produced 13,866 dozen, and sold 103,000 pounds of chickens, of which he had raised 3,000.   In later years he raised about 20% of the chickens sold and produced about 20% of the

eggs sold. The board found that the services fell within the statutory definition and, further, that they were performed " as an incident to farming operations " (cf. cl. [4]).

It seems quite clear that, within the ordinary acceptation of the statutory terms, the service employed in the business of purchase and resale, relatively huge in volume, was not " in connection with " any agricultural operation contemplated by clause (1) and that the service cannot reasonably be said to have been " incident to farming operations ", within the meaning of clause (4). Further, the Industrial Commissioner's Administrative Interpretation 3 (and particularly § I, subds. B, C) promulgated under the authority of section 530 of the Labor Law, construes services as " ' incident to farming operations ' only if performed by employees of the producer of the commodity but irrespective of the location " at which performed, and only when it is " definitely established that production of agricultural or horticultural commodities is the primary purpose in the over-all operations of the employer "; and this construction seems to us to require acceptance as founded upon " ' a reasonable basis in law ' " (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108). Our statute being designed to be " as closely coterminous as possible " with the Federal act (*Buckstaff Co.* v. *McKinley*, 308 U. S. 358, 364; *Matter of Albertson* [*Lubin*], 8 N Y 2d 77, 87 [dissenting opinion], revd. 367 U. S. 389), it is noteworthy that the Commissioner's interpretation is, so far as here pertinent, consistent with, and accordingly fortified by, the construction which has been given the corresponding provision of the Federal act (U. S. Code, tit. 26, § 1607, subd. [c], par. [1] [1939 code]; § 3306, subd. [k] [1954 code]; Senate Report No. 734, pp. 61–64, 76th Cong., 1st Sess.; and cf. Fed. Unemployment Tax Reg. [1961], § 31.3306 [k]-1, subd. [e], par. [1], cl. [ii]; Code of Fed. Reg., tit. 26).

The decision of the Unemployment Insurance Appeal Board should be reversed and that of the Referee reinstated, without costs.

BERGAN, P. J., HERLIHY and REYNOLDS, JJ., concur.

Decision of the Unemployment Insurance Appeal Board reversed and that of the Referee reinstated, without costs.