**COMMUNIST PARTY OF the U. S. A.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

No. 17564.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 30, 1963.

Decided April 9, 1964.

Mr. John J. Abt, New York City, of
the bar of the Court of Appeals of New
York, pro hac vice, by special leave of
court, with whom Mr. Joseph Forer,
Washington, D. C., was on the brief, for
petitioner.

Mr. David I. Granger, Atty., Dept. of
Justice, with whom Asst. Atty. Gen.
Louis F. Oberdorfer, and Mr. Lee A.
Jackson, Atty., Dept. of Justice, were on
the brief, for respondent. Mr. John B.

Jones, Jr., Atty., Dept. of Justice, also entered an appearance for respondent.

Before FAHY, WASHINGTON and MC-GOWAN, Circuit Judges.

McGOWAN, Circuit Judge.

█ Having determined a deficiency to exist in appellant's income tax for 1951, the respondent mailed a notice of deficiency to appellant on May 18, 1956. On August 14, 1956, a petition in appellant's name for a redetermination of the deficiency was filed in the Tax Court. As expressly permitted by the Tax Court Rules,[1] this petition was signed by John J. Abt as counsel for petitioner. It was verified by one Philip Bart, who certified that he was acting treasurer of petitioner and authorized by it to make the verification.[2] An answer was filed by the respondent on October 1, 1956, generally admitting petitioner's allegations as to its organizational nature. No issue was raised in this answer as to the authority by which the petition had been filed.

In February of 1962—over five years later—the respondent moved to dismiss the petition on several grounds not immediately relevant here. We note that, in denying the motion, the Tax Court, in discussing a contention that the petition had not been brought by the proper officer or officers of petitioner, stated: "Rule 4(f) requires the petition to be signed either by petitioner or his counsel. The petition here is signed by petitioner's counsel and his authority to act is not questioned." The respondent then moved to amend its answer to allege that, as a result of a dissolution in 1944, the

petitioner was not the party against whom the deficiency had been assessed. This motion was granted; the "jurisdictional issue [thus] raised by the pleadings as amended" was severed from the other issues and a hearing "of such issue" was ordered. At the hearing on this issue, the presiding judge ruled that, despite the seemingly limited character of the severance order, "all issues of jurisdiction are before me." Presumably in response to this expansive view, the respondent, in its brief filed after the hearing, for the first time raised the issue of the authority by which the petition had been filed six years earlier.

Following the hearing, the court found these facts, all of which are fully documented in the record:

"Eugene Dennis, after having come into possession of the notice of deficiency, gave it to John J. Abt, the petitioner's attorney herein, with a request that he represent the party in the matter.

"Theretofore and since about 1951 Abt had represented the Communist Party in various legal matters. Included in such matters was the matter of a jeopardy assessment of a deficiency in Federal income tax for 1951 which had been made against the Party in or about March 1956. Pursuant to a request that he represent the Party with respect to the tax matter made by William Z. Foster and Eugene Dennis, Abt conferred with the district director about the matter and also instituted proceedings in the United States

---

1. Rule 4(f) Rules of Practice, Tax Court of the United States, provides: "*The signature*, either of the petitioner or of his counsel, shall be subscribed in writing to the original of all pleadings * * *." Rule 7 requires a petition to contain "[t]he signature of the petitioner or that of his counsel."

2. The Rules of the Tax Court appear to require a statement that the verifier is authorized only in the case of a corporate petitioner. See Rule 7(c) (4) (D). In all other cases the verification serves only to certify that "there is good ground for

the petition, the case has not been instituted merely for delay, and it is not frivolous." *Id.* Thus any defect in the authorization of this verification is more technical than substantial. In any event, the verification of this petition was challenged by motion earlier in the proceeding, and the Tax Court then held that "even if this verification were deficient we do not think that on the state of the pleadings, this would be grounds for dismissal." We do not understand the decision here reviewed to have affected that earlier ruling.

District Court for the Southern District of New York on behalf of the Party to enjoin collection of the tax.

"After having received from Dennis the notice of deficiency involved herein and pursuant to the request of Dennis, Abt prepared a petition with respect thereto and discussed with Foster and Dennis the matter of who should verify the petition. Dennis informed Abt that Philip Bart had been appointed acting treasurer of the Communist Party and that he (Dennis) and Foster had authorized Bart to verify the petition. Abt then signed the petition as 'Counsel for Petitioner' and submitted it to Bart who verified it * * *."

The Tax Court also found as a fact that during 1956 William Z. Foster and Eugene Dennis were chairman and general secretary, respectively, of the National Committee of the Communist Party; and that, by appointment of Dennis, Bart was acting treasurer of petitioner at the time he verified the petition. The National Committee was provided for in petitioner's Constitution, introduced in evidence by petitioner. In relevant part it provided that the National Convention, "the highest authority of the Party," shall elect a National Committee to serve between Conventions. The Committee "has the sole and complete authority to make all decisions and take all actions necessary and incidental to the good and welfare of the entire Party, and to act upon all problems and developments occurring between Conventions." The Committee is also authorized, in the exercise of its responsibilities, to "delegate to the National Officers or any of them, any of the duties, responsibilities or authorities of the National Committee."

Both Foster and Dennis had died prior to the holding of the hearing in this case, and they were not, thus, available to testify on the subject of their authority. When the Tax Court addressed itself to the issue—first raised after the hearing was over—of the authority by which the petition had been filed, it fixed its attention upon the provisions in petitioner's Constitution relating to the National Committee, and rested its decision upon the ground that petitioner had made no affirmative showing that Foster and Dennis had been authorized by the National Committee to act with reference to this matter. Absent such a showing, the Tax Court concluded that it was without jurisdiction to entertain a petition signed by Abt. We believe this to have been, under all the circumstances, an unjustifiable departure from the accepted rules customarily applied by tribunals, including the Tax Court, with respect to the authority of lawyers acting on behalf of litigants.

It is strongly pressed upon us by petitioner that the objection came too late in any event. The point is not without force in the light of the distinctive chronology of the proceedings. This court has indicated that any challenge to the authority of counsel should be raised by motion before trial (Alamo v. Del Rosario, 69 App.D.C. 47, 98 F.2d 328 (1938)); and the Tax Court's own Rule 14 of its Rules of Practice contemplates, if indeed it does not require, use of pretrial motions to raise questions of this kind. The death of Foster and Dennis during the long dormancy of this proceeding and prior to the raising of the issue here serves to emphasize the desirability of disposing of questions of this kind as promptly as possible.

■■ But we need not, and do not, place our determination on this ground. The essential error below, in our view, was that, after a hearing in which the question of counsel's authority had not been placed in issue, the Tax Court held that petitioner should have proved something which customarily is presumed to exist, i. e., the authority of a duly licensed attorney, appearing in regular course, to act for the litigant he purports

to represent.[3] This presumption has quite respectable antecedents. Chief Justice Marshall took note of it in Osborn v. Bank of United States, 9 Wheat. 326, 365–366, 22 U.S. 326, 365–366, 6 L.Ed. 204 (1824), when he said:

> "Certain gentlemen, first licensed by government, are admitted by order of court, to stand at the bar, with a general capacity to represent all the suitors in the court. The appearance of any one of these gentlemen in a cause, has always been received as evidence of his authority; and no additional evidence, so far as we are informed, has ever been required. * * * [T]he practice is as uniform and as ancient, with regard to corporations, as to natural persons."

And, of course, the fact that petitioner is an unincorporated association does not cause the presumption to be inapplicable. In re Tidewater Coal Exchange, 274 F. 1011 (S.D.N.Y.1921).

 It is respondent's contention that the question is not whether Abt was retained by Dennis or Foster, but whether Dennis or Foster had authority from the National Committee to effect such retention and to initiate this proceeding. In the first place, we have some doubt as to whether petitioner's Constitution can be read as requiring the National Committee's explicit prior action in the case of arranging for the protection of petitioner's interests in the form of tax litigation. Dennis and Foster were found by the court to be the chief executive officers of petitioner; and ordinarily they would be considered as having the power to take a step of this kind.[4] But, in any event, the question, even as stated by respondent, goes to the authority by which counsel acted as such in signing and filing the petition.[5] The presumption does not attach only in respect of the last link in the chain of authority, but to the whole process. We were not thinking in compartmentalized terms when we said long before now that a party challenging the authority of an attorney at law "must present substantial proof in the form of countervailing evidence that authority is lacking, in order to justify, on that ground, an order to strike a pleading from the files." Booth v. Fletcher, 69 App.D.C. 351, 358, 101 F.2d 676, 683 (1938). Accord Danisch v. Guardian Life Ins. Co., 151 F.Supp. 17 (S.D.N.Y.1957).

To apply the ancient presumption in this proceeding does not imperil the Tax Court's responsibility to protect its jurisdiction from being imposed upon by counsel who do not in fact speak for the suitor before the court. The pre-

---

3. The Tax Court stated that it is a creature of statute and that this fact requires a petitioner to affirmatively plead and prove adequate authority to invoke its jurisdiction. We agree with this approach in the case of jurisdictional facts not presumed to exist without proof thereof, such as the continuing viability for litigating purposes of a dissolved corporation (Coca-Cola Bottling Co., 22 B.T.A. 686 (1931)); the authority of an officer of a defunct association (National Committee To Secure Justice, Etc., 27 T.C. 837 (1957)); or the authority of an "agent" or "attorney in fact" to submit an unverified petition (Soren S. Hoj, 26 T.C. 1074 (1956)).

4. See FLETCHER, CYCLOPEDIA CORPORATIONS §§ 466.3, 618 (Perm. ed. 1954), and cases cited therein; In re Tidewater Coal Exchange, 280 F. 638, 644–645 (2d Cir. 1922); Coombs v. Harford, 99 Me. 426, 59 A. 529 (1904).

5. The act was in fact done on behalf of the association and in its name, and even if unauthorized, it might be "ratified by acquiescence after knowledge brought home to the other members of the committee." In re Tidewater Coal Exchange, 274 F. 1011, 1014 (S.D.N.Y.1921). We have noted that the petition was filed in the Tax Court on August 14, 1956. Since that time Abt has represented the Party time and time again in its litigation. See, e. g., Communist Party v. S. A. C. B., 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961); Communist Party v. Catherwood, 367 U.S. 389 (1961); Communist Party v. United States, 118 U.S.App.D.C. ——, 331 F.2d 807. In view of the repeated hiring of Mr. Abt it is reasonable to assume that the National Committee approves of the legal services he is rendering in the case at bar.

sumption is bottomed on the knowledge that members of the bar do not take lightly their responsibilities as officers of the court. This knowledge undoubtedly accounts for the Tax Court's readiness to provide by rule that cases may be initiated by petitions signed by counsel alone. When such a petition is filed, by traditional rules the authority of counsel is presumed to exist until shown to be lacking. By the same token, the steps necessary to create such authority are presumed to exist until demonstrated to have been omitted.[6] The disregard of these presumptions in this instance is only compounded by the procedural posture in which the failure of proof is said to have occurred. Petitioner is said to have failed to prove something which is presumed to exist, and at a time when there was not even a claim that the authority was lacking.

■■ The obstacles placed in the way of this particular litigant seem to us as unusual in character as they are unfounded in either the Tax Court's normal procedures or the law generally applicable in this field. The Tax Court is a forum provided by Congress to all who qualify under the statute and rules;[7] and petitioner is under no identifiable exclusion from those who may come to that court for a resolution of their income tax liabilities. We think that, on this record, it can not be thrown out of court, for the reasons given and under the circumstances obtaining, without verging too closely towards the wholly unacceptable proposition that the rules of the game vary with the players.

The order of the Tax Court dismissing the petition is

Reversed.

6. Justice Story stated it succinctly: "Persons acting publicly as officers of the corporation, are to be presumed rightfully in office; acts done by the corporation, which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter." Bank of United States v. Dandridge, 12 Wheat. 40, 44, 25 U.S. 40, 44, 6 L.Ed. 552 (1827).

7. The special statutory origins of the Tax Court do not, we think, render inapplicable the usual presumptions relating to the authority of those who appear in judicial proceedings. See Rico Products Co. v. United States, 191 F.Supp. 954 (Customs Court, 1961). Compare cases cited in note 3, *supra*.