**COMMUNIST PARTY OF the U. S. A., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 20044.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 7, 1966.

Decided Feb. 1, 1967.

Mr. John J. Abt, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. Joseph Forer, Washington, D. C., was on the brief, for petitioner.

Asst. Atty. Gen. Mitchell Rogovin, of the bar of the Supreme Court of the United States, pro hac vice, by special leave of court, with whom Messrs. Richard M. Roberts and Lee A. Jackson, Attys., Dept. of Justice, were on the brief, for respondent.

Before WILBUR K. MILLER, Senior Circuit Judge, McGOWAN, Circuit Judge, and

EDWARDS,* Circuit Judge of the United States Court of Appeals for the Sixth Circuit.

PER CURIAM:

Pursuant to an audit of petitioner first instituted in 1954, the Commissioner of Internal Revenue in 1956 levied a jeopardy assessment for federal income tax assertedly due for the year 1951. Petitioner sought a redetermination in the Tax Court on August 14, 1956; and the Commissioner's answer was filed the following October 1. After more than five years of dormancy, the Commissioner moved to dismiss on jurisdictional grounds, resulting in proceedings which were considered by us in Communist Party v. Commissioner, 118 U.S.App.D.C. 125, 332 F.2d 325 (1964). Thereafter, on September 17, 1964, the Commissioner moved to strike certain allegations in the petition. Originally denied, this motion was reconsidered at the trial of this case on March 22, 1965, and granted in the larger part. Also at the trial, a motion to quash substantial portions of a *subpoena duces tecum* directed by petitioner to the Secretary of the Treasury was granted.

Petitioner's income tax deficiency was determined by reference to its bank deposits during 1951, which were assumed to represent the dues received by petitioner from its members. The total of these deposits is not, however, the same as the net income on which the deficiency was found, and the record does not inform us as to how the deficiency was computed. This latter figure comes from the examining agent's report, which characterizes it only as reflecting "all bank credits" for 1951. The agent was unable, without his work papers, to supply further details as a witness at the trial. He said he had turned those papers over to a superior, but, when asked by petitioner to produce them, the Government said that none were in existence.

■ There is considerable obscurity in the record as it comes to us as to just

* Sitting by designation pursuant to Section 291(a), Title 28 U.S.Code.

what, if any, deductions were allowed petitioner. The question of exactly what evidence was before the Commission is unclear—a haziness which was compounded by petitioner's failure to present evidence on this issue in the Tax Court hearing. The Government in its brief has volunteered the statement that, if this court is in any doubt on this point, it has no objection to a remand for the purpose of enabling allowable deductions to be ascertained with greater certainty. Because of the uncertainty which surrounds the fixing of petitioner's tax liability in this case, we think that avail should be taken of the Government's apparent readiness to have the matter explored further; and a remand for this purpose impresses us as a minimal disposition of this appeal.

■ We note that the Tax Court purported in terms not to pass upon the amenability of petitioner to federal income taxation because, so it is said, the issue had not been duly raised. This strikes us as wholly at odds with the record. In its Tax Court petition as originally filed, petitioner seems to us to have given notice of its purpose to assert that (1) it is not an "association" within the meaning of the 1939 Code, and (2) even if it is, this particular assessment is invalidated by the allegedly discriminatory circumstances under which petitioner has been singled out from all similar associations. As to the first of these, the Government now assures us that all political parties, including petitioner,[1] are taxable associations under the stat-

ute. That may be, but the Tax Court did not so rule; and petitioner is entitled to an adjudication in that court of its contention that the statute is not to be so construed because the Commissioner and his predecessors have never so construed it. As to the second, the Government now says that the discrimination claim is unavailing because petitioner is at least different from all other political parties in that, unlike them, it has revenues in the form of dues, as distinct from political contributions which the Commissioner has ruled not to be taxable. I.T. 3276, 1939–1 Cum.Bull. 108. Again, this has not been determined to be so by the Tax Court, as indeed it could have made no meaningful determination one way or another in this regard on the record before it.[2]

Petitioner's ability to make proof in support of its claim of non-taxability was substantially impaired by the striking of certain allegations from its petition. Having first denied the Government's motion for this relief for the reason that, in the court's own characterization of its denial, "there might be some merit to the argument that there had been an administrative construction of the basic Internal Revenue Code imposing the general tax," the court changed its mind at the opening of the trial and struck the allegations. We think it was right the first time in thinking that petitioner should at least have an opportunity of making proof in this regard and, in proceedings pursuant to this remand, the stricken allegations shall be regarded as restored.

1. The Government did not, by reliance upon Communist Party v. Subversive Activities Control Board, 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961), or otherwise, raise the issue of a possibly complete exclusion of petitioner from the category of political parties. In response to a question at oral argument, the Assistant Attorney General informed us that, on this record relating to the taxable year 1951, the Government did not consider that petitioner stands before us, for purposes of this appeal, in a posture generally different from that of

any other political party. We have proceeded in light of that representation.

2. It seems not unlikely that political parties other than petitioner may have an interest in the issue of the significance, in terms of the policies relevant to the imposition or administration of the federal income tax, of a distinction between dues and contributions. The Tax Court, in the hearing to be held on this remand, may well be confronted with the availability, voluntary or otherwise, of the assistance of these parties in exploring or resolving that issue.

The paragraphs of the Tax Court petition which were the object of the motion to strike were 4(C), (D), and (E), and 5(E), (F) and (G). The former are largely statements of legal conclusions, although we note that the Tax Court denied the motion as to the first part of 4(E), thereby leaving in the petition an allegation which sounds essentially in assertedly discriminatory treatment. See Dixon v. United States, 381 U.S. 68, 79, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965); Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 185–186, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957); United States v. Kaiser, 363 U.S. 299, 308, 80 S.Ct. 1204, 4 L.Ed.2d 1233 (1960) (concurring opinion of Mr. Justice Frankfurter). It is Paragraph 5 of the petition, including most particularly subparagraphs (E), (F), and (G), which purports to state the facts entitling petitioner to relief; and it is on the proof which it can make under these allegations upon remand [3] that petitioner must present its claim of non-taxability to the Tax Court for disposition by it in the first instance.

The case is remanded to the Tax Court for further proceedings not inconsistent herewith.

WILBUR K. MILLER, Senior Circuit Judge, dissents.

---

3. We do not address ourselves in detail to the Tax Court's action in quashing Paragraphs 1, 2, and 3 of the subpoena. That action was taken without reference to the particular content of those paragraphs, and upon a principle of relevance which the Tax Court will presumably consider anew in the light of this opinion. We emphasize that we are giving *petitioner* an opportunity to make proof; and that implies responsibilities which cannot be shifted elsewhere simply by the expansive drafting of a subpoena.