In re Jarry Joseph LUCERO and Karen Lucille Lucero, Debtors/Plaintiffs,

v.

**SECURITY INDUSTRIAL BANK, Defendant.**

**Bankruptcy No. 80 M 0808.**

United States Bankruptcy Court, D. Colorado.

June 16, 1980.

Milnor H. Senior, III, Littleton, Colo., for plaintiffs.

Michael E. Katch, Denver, Colo., for defendant.

## MEMORANDUM OPINION

JOHN P. MOORE, Bankruptcy Judge.

THE MATTER before the Court arises upon the Plaintiffs' complaint, filed pursuant to 11 U.S.C. § 522(f)(1) (1978), to avoid the Defendant's judicial lien on the principal residence of the Plaintiffs. At issue here is the constitutionality of that section of the Bankruptcy Code as applied to the Defendant's judicial lien which arose on February 7, 1979, upon the recording of a transcript of judgment pursuant to Colorado law.[1] It is asserted that the avoidance of the Defendant's lien would result in the deprivation of a substantive property right[2] without due process of law as mandated by the Fifth Amendment.

Section 522(f)(1) provides, in pertinent part:

1. C.R.S. § 13–52–102(1) (1973).

2. The parties have agreed that a judicial lien constitutes an interest in property.

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien, . . . . .

■ It has been suggested that the Defendant's lien does not impair the Plaintiffs' available exemptions for their home. If this were true, it would not be necessary or proper for this Court to decide the merits of the constitutional issue, as constitutional decisions must be avoided where possible. See, *Communist Party, U.S.A. v. Catherwood*, 367 U.S. 389, 81 S.Ct. 1465, 6 L.Ed.2d 919 (1961).

■ I find, however, that the Plaintiffs' exemptions are impaired by Defendant's lien. Pursuant to 11 U.S.C. § 522(d)(1) and (m), the Plaintiffs, as debtors, are each entitled to exempt $7,500.00 of their interest in real property used as a residence. The residence is currently listed for sale at $53,-500.00, and there is no dispute that this amount represents the fair market value of the property. From this amount, the value of two liens senior to that of the Defendant must be subtracted, as well as a seven percent sales commission ($3,745.00) which it is agreed would be an appropriate cost of sale. The first deed of trust is held by Utah Mortgage and Loan Corporation, which has filed a proof of claim in the amount of $29,359.04. Old Republic Insurance Company enjoys the second position, and it has claimed an interest of $6,142.08. When the two senior liens plus the sales commission are subtracted from the fair market value of $53,500.00, the Plaintiffs are left with an "equity" of $14,253.88. This figure is already less than the $15,000.00 exemption available, and therefore the Defendant's lien, in the amount of $3,316.66 impairs the Plaintiffs' exemptions.[3] Hence, the merits

3. See, *Dotson v. Bradford*, 6 Bkry.Ct.Dec. 75 N.4 (D.Nev.1980), for another example of the calculations involved.

of the constitutional issue must be confronted.

■ In a proceeding involving this Defendant, this Court recently held that it would be an unconstitutional denial of substantive due process to implement § 522(f) to avoid liens created prior to November 6, 1978, the date on which the Bankruptcy Reform Act of 1978 was enacted. *Rodrock v. Security industrial Bank*, 3 B.R. 629 No. 80 M 0014 (D.Colo. Bankruptcy, April 25, 1980). In *Rodrock*, this Court examined and discussed the current status of constitutional law regarding due process rights as they affect the bankruptcy powers of Congress created by Article 1, section 8(4) of the Constitution. The conclusion was reached that *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1955), is controlling precedent for this Court, and it stands binding "for the proposition that a substantive right in specific property cannot be substantially impaired by legislation enacted after the right has been created without doing violence to the property owner's right to due process." *Rodrock* at 632.

The difference between the facts in the case at issue and those in *Rodrock* is that the lien here arose on February 7, 1979, after the date the Code was enacted (November 6, 1978), but before § 522(f) became effective on October 1, 1979, whereas the liens considered in *Rodrock* arose before the date of enactment.[4]

■ This factual distinction does not change the law to be applied. The rule of *Radford, supra*, remains binding and dispositive of the issues. Here, the Defendant acquired substantive rights in specific property prior to the date the new law became effective. Legislation which effects the total deprivation of such rights is unreasonable and has never been countenanced by the Supreme Court. Cf. *Rodrock, supra*.

Because the application of 11 U.S.C. § 522(f)(1) to the Defendant in this case would deny it substantive due process rights guaranteed by the Fifth Amendment, the complaint will be dismissed with an appropriate order.

---

4. Another factual difference is that the lien here is judicial, whereas those in *Rodrock* arose from consensual security interests. The holding here is limited to cases where judicial liens are involved. The related question of the constitutionality of § 522(f) as applied to avoid liens arising from security agreements dated after November 6, 1978, but before October 1, 1979, is not at issue here, and consequently is not to be resolved today.