In the Matter of Dock and Eunice BIBB.

In the Matter of Charles ABRAHAM.

In the Matter of David and
Cornelia ZIMMERMAN.

In the Matter of George and
Jane TAYLOR.

In the Matter of Maple STEWART.

In the Matter of Arthur and
Margaret SAUER.

Bankruptcy Nos. 80–00253, 80–00661,
80–00794, 80–00864, 80–00878
and 80–00897.
Adv. Nos. 80–0188, 80–0183.

United States Bankruptcy Court,
E. D. Michigan,
Southern Division.

Jan. 28, 1981.

Raymond C. June, Flint, Mich., for Bibbs and Stewart.

Mark C. McCabe, Flint, Mich., for Abraham.

Carl L. Bekofske, Flint, Mich., for Zimmermans.

T. Boice Purdy, Flint, Mich., for Taylors and Sauers.

Jon T. Warren, Flint, Mich., for Beneficial Finance Corporation.

Darryl J. Chimko, Rochester, Mich., for amicus curiae.

OPINION AND ORDER

HAROLD H. BOBIER, Bankruptcy Judge.

*Statement of Facts*

The above referenced cases were consolidated for the purpose of deciding a common question of law. The facts in each of them are not disputed and have been stipulated to by the parties involved. Some of these cases involve debtors attempting to rehabilitate under Chapter 13 of the Bankruptcy Code; whereas others are under Chapter 7 for the purpose of liquidation. This fact does not affect the outcome of the questions presented to the Court for its decision.

In each of these cases the debtors have executed non-possessory, non-purchase money security interests in certain types of personal property as collateral for loans received from a major finance corporation. The agreements indicate various dates of execution. However, each of them were entered into prior to October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978 (hereinafter referred to as the "Code"). Several of the agreements were entered into prior to November 6, 1978, the enactment date of the Code.

The parties have submitted Memorandum Briefs to support their respective positions and were given an opportunity for oral argument on December 22, 1980. At the request of counsel for a creditor who has identical legal issues pending in other cases before this Court, an *amicus curiae* brief has also been submitted.

## Issues

The issue presented to the Court in these consolidated cases is whether a debtor can avoid a lien on exemptable personal property which attached pursuant to a non-possessory, non-purchase money security interest executed either prior to the enactment of the Code or prior to the effective date of the Code. In essence, the question is whether Section 522(f) of the Code is to be accorded prospective or retroactive effect. Counsel for the individual debtors have argued that Section 522(f) permits the avoidance of a non-possessory, non-purchase money security interest which arose prior to the effective date of the Code. Counsel for the creditors, on the other hand, have argued that any retroactive application of Section 522(f) would constitute an unconstitutional taking of a vested property right in violation of the Fifth Amendment.

There are two questions which need to be resolved. First, does the avoidance of a lien which arose prior to the enactment date of the Code constitute an unconstitutional taking of a vested property right? And secondly, does the avoidance of a lien which arose in the so-called "interim period" (i. e., November 6, 1978 to October 1, 1979), constitute an unconstitutional taking of a vested property right?

## Opinion and Order

Section 522(f) of the Code is inextricably tied to the concept of giving the debtor a fresh start. That section states in its entirety:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

It should be noted at the outset that the constitutional attack on Section 522(f) in these consolidated cases is limited to the extent that a retrospective application of that section would constitute an unconstitutional taking of a vested property right. In other words, the constitutionality of the statute itself is not disputed; only its application to liens created prior to the new Code.

The issues presented by these consolidated cases have been recently decided by numerous other courts across the country, but with conflicting results. Some courts have held that the retroactive application of Section 522(f) to liens created in exemptable personal property prior to the enactment date of the Code is unconstitutional. *In re Ambrose*, 4 B.R. 395 (Bkrtcy.B.C.N.D.Ohio 1980); *In re Jackson*, 4 B.R. 293 (Bkrtcy.B.C.D.Colo.1980); *In re Hawley*, 4 B.R. 147 (Bkrtcy.B.C.D.Or.1980); *In re Hoops*, 3 B.R. 635 (B.C.D.Colo.1980); *In re Rodrock*, 3 B.R. 629 (Bkrtcy.B.C.D.Colo.1980). At the other end of the spectrum are those cases which hold that Section 522(f) is to have complete retroactive effect. *In the Curry*, 5 B.R. 282 (Bkrtcy.B.C.N.D.Ohio 1980); *In the Matter of Rutherford*, 4 B.R. 510 (Bkrtcy.B.C.S.D. Ohio 1980). Likewise there has been a divergence of views expressed with respect to the application of Section 522(f) on non-possessory, non-purchase money security interests in exemptable personal property created during the "interim period." *In re Lucero*, 4 B.R. 659 (Bkrtcy.B.C.D.Colo.1980); (section 522(f) cannot be used to avoid a lien created during the interim period); *In re Steinart*, 4 B.R. 354 (Bkrtcy.B.C.W.D.La. 1980) (creditors are on notice of a change in the bankruptcy law during the interim period, and consequently, the lien avoidance

provision is to have effect during this period of time). In addition, at least one Court has held that the constitutional question concerning Section 522(f) of the Code is one which should be addressed to the appellate courts and not the trial courts. *In the Matter of Baker*, 5 B.R. 397 (Bkrtcy.B.C.W. D.Mo.1980) (holding that the lien avoidance provision is constitutional unless the appellate court holds otherwise).

It is the opinion of this Court that the case of *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) is dispositive of the constitutional questions raised in these consolidated cases. In *Radford*, the United States Supreme Court declared that the Frazier-Lemke Act of 1934 (amending the Bankruptcy Act of 1898) was unconstitutional because it violated the Fifth Amendment. The Frazier-Lemke Act was emergency legislation arising out of the great depression era and was designed to provide relief for insolvent farmers. In essence, it provided that a bankrupt farmer could retain possession of his mortgaged real property for up to five years by simply paying a reasonable rental to the mortgagee, and then at the end of the five years the bankrupt could simply redeem the real estate at the then appraised value. The Frazier-Lemke Act expressly provided that it was to have retroactive effect.

In holding that the Frazier-Lemke Act was unconstitutional, the United States Supreme Court stated:

The province to the Court is limited to deciding whether the Frazier-Lemke as applied has taken from the bank without compensation, and given to Radford, rights in specific property which are of substantial value. As we conclude that the Act as applied has done so, we must hold it void. For the Fifth Amendment commands that, however great the Nation's need, private property shall not be thus taken and for even a wholly public use without compensation. If the public interest requires, and permits, taking of property of individual mortgagees in order to relieve the necessities of individual

mortgagors, resort must be had to proceedings by eminent domain; so that, through taxation the burden of the relief afforded in the public interest may be borne by the public. (Citations omitted.) *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. at 601–602, 55 S.Ct. at 868–869.

It has been repeatedly suggested by the creditors in the present proceedings that Section 522(f) of the Code cannot be retroactively applied to contractual rights which arose prior to the effective date of the Code. They cite *Radford, supra,* and its prodigy in support of their position. Although the contention advanced on the behalf of the individual debtors to the effect that a denial of retroactive application of Section 522(f) would frustrate the concept of a fresh start, this Court feels duty bound to follow the clear mandate set forth in *Radford.* In fact, this Court would adopt the view expressed in *Rodrock, supra,* to the effect that:

[A]lthough *Radford* maybe old, it is far from dead. Indeed, it stands as a venerable and vigorous sentinel of due process rights.

. . . . .

[T]he constitutional difficulty § 522(f) presents is the means chosen by Congress for achieving a laudable purpose. It seems evident that legislation which effects the total deprivation of a substantive right in specific property antedating the statute is unreasonable. *In re Rodrock,* 3 B.R. at 633.

Therefore, the only remaining issue to be decided by this Court is whether Section 522(f) can be applied to liens created during the so-called interim period; i. e., November 6, 1978 to October 1, 1979. It is clear that Congress intended for the Code to have prospective application as to its substantive provisions, for it stated:

Except as otherwise provided in this title, this Act shall take effect on October 1, 1979. Section 402(a), Pub.L.95–598, Title IV, Nov. 6, 1978, 92 Stat. 2683.

Although the liens involved in the present litigation are consensual non-possessory,

non-purchase money security interests in household and other types of exemptable personal property which is primarily used for personal, family or household purposes, this Court adopts by analogy the rationale set forth in *In re Lucero, supra.* In *Lucero,* the Court was presented with the question of whether a judicial lien which arose during the interim period could be set aside pursuant to Section 522(f)(1) of the Code. The court held in the negative and stated:

> The difference between the facts in the case at issue and those in *Rodrock,* is that the lien here arose on February 7, 1979 after the date the Code was enacted (November 6, 1978), but before § 522(f) became effective on October 1, 1979, whereas the liens considered in *Rodrock* arose before the date of enactment.
>
> This factual distinction does not change the law to be applied. The rule of *Radford, supra,* remains binding and dispositive of the issues. Here, the Defendant acquired substantive rights and specific property prior to the date the new law became effective. Legislation which effects the total deprivation of such rights is unreasonable and has never been countenanced by the Supreme Court. (Citations omitted.) *In re Lucero,* 4 B.R. at 661.

Therefore, for the reasons set forth herein it is the holding of this Court that Section 522(f) of the Code cannot be constitutionally applied to those liens enumerated in said section which arose prior to the effective date of the Code. To hold otherwise, would be a denial of substantive due process which is guaranteed by the Fifth Amendment.