In re Laura Lee SAMS, Debtor.

Laura Lee SAMS, Plaintiff,

v.

AVCO FINANCIAL SERVICES, Defendant.

Bankruptcy No. 80–00797.
Adv. No. 80–0328.

United States Bankruptcy Court,
N. D. Ohio, W. D.

March 16, 1981.

Patricia A. Sawin, Toledo, Ohio, for debtor.

George Gusses, L. Mari Taoka, Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon Debtor's Complaint to avoid the lien of Defendant, Avco Financial Services (Avco), upon Debtor's household goods pursuant to 11 U.S.C. § 522(f). In its answer Avco raised the issue of the constitutionality of the retrospective application of § 522(f) since its lien was perfected prior to the November 6, 1978 enactment date of the Bankruptcy Code. The facts were stipulated by the parties, and briefs were submitted to the Court on the legal issue.

## FACTS

Avco lent to the Debtor $4,728.06 and obtained a lien on household goods by virtue of a nonpossessory nonpurchase-money security interest dated April 18, 1978, which was perfected by filing on May 16, 1978. These goods were by nature household furnishings held by the Debtor primarily for personal and family use. On May 21, 1980, the Debtor filed her Chapter 7 petition and the Order for Relief was entered. Debtor claimed the goods as exempt pursuant to *Ohio Rev.Code* § 2329.66 with the total value of the goods not exceeding the allowed exemption limit of $1500.00.

## ISSUE

The sole issue presented is whether retrospective application of 11 U.S.C. § 522(f) violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

11 U.S.C. § 522(f) entitles the Debtor to avoid certain liens to the extent that the lien impairs an allowed exemption claimed by the Debtor and § 522(f) in pertinent part provides as follows:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—"

"(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;"

The Constitution expressly grants to Congress, the power over bankruptcy law. Article I, Section 8, Clause 4 provides; "The Congress shall have Power . . . to establish . . . uniform Laws on the subject of Bankruptcies throughout the United States." Additionally Congress is granted power by Article I, Section 8, Clause 18 to "make all laws which shall be necessary and proper for carrying into execution the foregoing power." Congressional authority over bankruptcies has been referred to by the Supreme Court as "unrestricted and paramount", *International Shoe Co. v. Pinkus*, 278 U.S. 261 at 265, 49 S.Ct. 108, at 110, 73 L.Ed. 318 (1929). However, the power of Congress over bankruptcies is not immune to the safeguards of the Fifth Amendment. "The bankruptcy power, like the other great substantive powers of Congress is subject to the Fifth Amendment." *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589, 55 S.Ct. 854, at 863, 79 L.Ed. 1238 (1935).

In *Radford*, the Supreme Court held unconstitutional, as violative of the Due Process Clause, the retrospective application of a provision of the Frazier-Lemke Act which permitted a bankrupt to purchase mortgaged property at the present appraised value in deferred payments. If the mortgagee refused to assent to such a sale, the Bankruptcy Court could stay all proceedings for 5 years while the mortgagor, upon paying a reasonable rent, remained in possession. The Supreme Court in *Radford* stated at 589, 55 S.Ct. at 863;

"Under the Bankruptcy power Congress may discharge the debtor's personal obligation, because, unlike the States, it is not prohibited from impairing the obligation of contracts. (citation omitted). But the effect of the Act here complained of is not the discharge of Radford's personal obligation. *It is the taking of substantive rights in specific property acquired by the Bank prior to the Act.*" (emphasis supplied)

In holding the retrospective application of the provision unconstitutional the *Radford* Court concluded at 602, 55 S.Ct. at 869;

"The province of the Court is limited to deciding whether the Frazier-Lemke Act as applied has taken from the bank without compensation, and given to Radford, rights in specific property which are of substantial value. * * * As we conclude that the act as applied has done so, we must hold it void; for the Fifth Amendment commands that, however great the nation's need, private property shall not be thus taken even for wholly public use without just compensation. If the public interest requires, and permits, the taking of property of individual mortgagees in order to relieve the necessities of individual mortgagors, resort must be had to proceedings by eminent domain; so that, through taxation, the burden of the relief afforded in the public interest may be borne by the public."

Subsequent to the *Radford* decision, the Frazier-Lemke Act was redrafted and the amended act was upheld by the Supreme Court in *Wright v. Vinton Branch of Moun-*

*tain Trust Bank,* 300 U.S. 44, 57 S.Ct. 556, 81 L.Ed. 736 (1935). The revised law authorized a stay of execution for up to 3 years with court approval, while the mortgagor paid a reasonable rental. Meanwhile, the mortgagee retained its lien until it received full satisfaction for the underlying obligation. In validating the new provision the *Wright* Court held at 470, 57 S.Ct. at 565;

> "The question is not whether the Act does more than modify remedial rights. *It is whether the legislation modifies the secured creditors rights, remedial or substantive, to such an extent as to deny the due process of law guaranteed by the Fifth Amendment."* (emphasis supplied)

In *Radford* the creditor had a mortgage on real property which the Supreme Court held was of substantial value. In the present situation the creditor possesses a security interest in personal property. Security interest is defined in 11 U.S.C. § 101(37) as a lien created by agreement and 11 U.S.C. § 101(28) defines lien as a, "charge against or interest in property to secure payment of a debt or performance of an obligation." It has been held that a lien is a property right, *Sager v. Burgess,* 350 F.Supp. 1310 (D.Pa.1972); aff'd 411 U.S. 941, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973), which is compensable under the Fifth Amendment, *Armstrong v. United States,* 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960).

The limitations set by § 2329.66 *Ohio Rev.Code* on the dollar amounts which can be claimed as exempt define the extent to which the Debtor may avoid liens. § 2329.66A(4)(b) and A(4)(d) allow a Debtor to exempt from $1,500 up to $2000 in household goods. Additionally § 2329.66A(3) exempts clothes and bedding with no limit on the aggregate amount and a stove and refrigerator not to exceed $300 for each item. Employment of § 522(f) entitles the Debtor to avoid a minimum of $2,100 of liened property. Such an amount is clearly substantial.

Congress enacted § 522(f) to allow a Debtor to protect his exemptions and ensure the achievement of a "fresh start".

*See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 126–27 reprinted in [1978] *U.S.Code Cong. & Ad.News* 5787, 6087–88. While the promulgation of § 522(f) was a proper exercise of Congressional power, the application of the law may still be unconstitutional. Application of a statute prospectively and retrospectively may result in two different Constitutional results.

> "It does not follow, however, that what congress can legislate prospectively it can legislate retrospectively. The retrospective aspects of legislation, as well as the prospective aspects, must meet the test of due process, and the justification for the latter may not suffice for the former."

*Usery v. Turner,* 428 U.S. 1, 16, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976).

Statutes are presumed to be constitutional and a court should not be quick to declare a statute unconstitutional. However, since the retrospective application of § 522(f) results in the extinguishment of a substantial pre-existing property right, it violates the Due Process Clause of the Fifth Amendment.

> "Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law. As long recognized, some values are enjoyed under an implied limitation and must yield to the police power. But obviously the implied limitation must have its limits, or the contract and due process clauses are gone."

*Pennsylvania Coal Co. v. Mahon,* 260 U.S. 393, 413, 43 S.Ct. 158, 159, 67 L.Ed. 322 (1972).

This Court holds that the retrospective application of § 522(f) to security interests acquired prior to the enactment of the Bankruptcy Code will result in the taking of a substantial property right. Such retrospective application violates the Due Process Clause of the Fifth Amendment to the United States Constitution and is therefore unconstitutional. This memorandum constitutes findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure.

482

## ORDER

In accordance with the foregoing; it is therefore,

ORDERED that Debtor's Complaint to avoid Defendant Avco's lien be, and it hereby is, denied and dismissed.