**In the Matter of Darrell HARRIS, Judy Harris, Debtors.**

**Bankruptcy No. 1–80–01439.**

United States Bankruptcy Court, S. D. Ohio, W. D.

July 1, 1981.

---

Steven R. Swillinger, Cincinnati, Ohio, for the debtors Darrell and Judy Harris.

John Wm. McNally, Jr., Cincinnati, Ohio, for the creditor Norwood Auto Worker's Credit Union.

ORDER GRANTING OBJECTION OF NORWOOD AUTO WORKER'S CREDIT UNION TO THE AVOIDANCE OF ITS LIEN.

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the objection filed by the creditor, Norwood Autoworker's Federal Credit Union, on October 5, 1980 to the application of the debtor to avoid the fixing of a lien on household goods pursuant to 11 U.S.C. § 522(f); and the Ohio exemption statute (O.R.C. 2329.-66); upon the evidence and the memoranda.

The parties entered into the security agreement on March 14, 1979. The issue involved is whether 11 U.S.C. § 522(f), a new Bankruptcy Code section effective October 1, 1979, applies retroactively to a lien which arose after the enactment date of the new law (November 5, 1978), but prior to its operative date (October 1, 1979).

11 U.S.C. § 522(f) permits the debtor to avoid a lien to the extent that such lien impairs a legitimate exemption claimed by the debtor under Ohio law.

It provides in pertinent part:

"Notwithstanding any waiver of exemptions the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ___ * * * (2) a nonpossessory, nonpurchase money security interest in any ___ (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;"

Persuasive authority exists for each side of the issue. The majority of decisions state that Congress intended § 522(f) to apply in cases filed after October 1, 1979, but affecting security interests prior thereto. *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir., 1981). Is such retroactive lien avoidance constitutional. This Court is of the opinion that it is not. The avoidance of both pre-enactment and pre-effective date security interest results in a deprivation of substantive rights without due process of law. *Rodrock, supra; Matter of Bibb*, 10 B.R. 40 (Bkrtcy.E.D.Mich.1981); *In re Woods*, 9 B.R. 325 (Bkrtcy.E.D.Mich., 1981); *In Re Sams*, 9 B.R. 479 (Bkrtcy.N.D. Ohio, 1981); *In Re Williams*, 8 B.R. 562 (Bkrtcy.E.D.Wash., 1981); *Lucero v. Security Industrial Bank* 4 B.R. 659 (Bkrtcy.Colo., 1980); *In Re Steinart*, 4 B.R. 354 (Bkrtcy. W.D.La., 1980).

The following cases uphold constitutionality: *Matter of Curry*, 5 B.R. 282 (Bkrtcy.N. D.Ohio, 1981); *In Re Marinski*, 9 B.R. 579 (Bkrtcy.N.D.Ohio, 1981); *Matter of Campbell*, 8 B.R. 425 (Bkrtcy.S.D.Ohio, 1981); *Matter of Teske*, 9 B.R. 18 (Bkrtcy.W.D. Mich.1981); *In re Head*, 4 B.R. 521, 6 BCD 489 (Bkrtcy.E.D.Tenn.1980).

The debtor contends that a deprivation does not occur since the creditor's property right, a lien on personal property, is not of substantial value. Thus, its avoidance does not result in a due process violation. But the Supreme Court has held that a lien is a compensable property interest under the Fifth Amendment and thus, is a property right of substantial value. *Armstrong v. United States*, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). In allowing retroactive application of § 522(f) to pre-effective date security interests, creditor herein would be deprived of a vested property right. See, *In Re Woods, supra, Matter of Bibb, supra, Lucero v. Security Industrial Bank, supra*. Under *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) the principle was established that substantive rights in specific property could not be impaired by retroactive legislation without violating due process. See *Rodrock, supra*. The fact that a lien is on personal property or real estate does not differentiate the degree of constitutional protection to which the secured party is entitled.

The fact that the lien herein is one created before the effective date of the new Bankruptcy Code, but after its enactment

date is immaterial. The creditor had acquired substantive rights in specific property and hence 11 U.S.C. § 522(f) deprives a secured creditor of his property interest. Such legislation is "unreasonable and has never been countenanced by the Supreme Court". *In Re Lucero*, 4 B.R. 659, 661, cited in *Matter of Bibb, supra,* at 43.

Therefore, the objection of the creditor to the application of the debtor to avoid its lien is granted.

SO ORDERED.