**In the Matter of Donald Harrison BRADFORD and Joyce Eleanor Bradford, d/b/a Jim & Lorraine's, Don & Eleanor's Lounge, Irrigation Tile Cleaning Service, Debtors.**

**James E. DOTSON and Lorraine B. Dotson, Plaintiffs,**

**v.**

**Donald Harrison BRADFORD and Joyce Eleanor Bradford, Defendants.**

**Bankruptcy No. 79–00540.**

United States Bankruptcy Court, D. Nevada.

March 24, 1980.

---

Ross P. Eardley, Elko, Nev., for debtors.

Stewart Wilson, Elko, Nev., for creditors.

BERT M. GOLDWATER, Bankruptcy Judge.

### OPINION AND DECISION

This is an adversary action to lift the automatic stay on attached property and objection to debtors' discharge. The debtors claim the property (a mobile home) is exempt under the new Bankruptcy Code and not subject to a judicial lien.[1]

Prior to October 1, 1979, when the Bankruptcy Code became law, the plaintiffs on June 29, 1979 attached debtors' two vehicles and a utility trailer in a State Court proceeding. A short time later by stipulation of the parties in the State action, $3,500 cash was substituted for one vehicle. On September 5, 1979, the State Court approved a written stipulation made by the parties through their respective counsel of record to release the cash and vehicles theretofore attached by substituting a 1972 14 × 64 Fleetwood House Trailer occupied by debtors as a residence by depositing the title to the house trailer with the sheriff. The stipulation and order provided defendants waived homestead rights under Nevada law.

Bankruptcy was filed herein December 17, 1979, more than 90 days later.

■ The attachment herein is not a preference under 11 U.S.C. § 547(b). It is a judicial lien created more than 90 days prior to bankruptcy and is outside the cut-off date. (*Metcalf v. Barker* (2d Cir. 1902), 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; *In re Unit Oil Co.* (D.Minn.1943), 50 F.Supp. 264; *Armour Fertilizer Works v. Sanders* (5th Cir. 1933), 63 F.2d 902; *In re Snitzer* (7th Cir. 1933), 62 F.2d 285; *Morris W. Haft & Bros., Inc. v. Wells* (10th Cir. 1937) 93 F.2d 991.) The latter cases are generally under old Section 67(a) of the former Bankruptcy Act which stated every lien of attachment obtained within four months of bankruptcy was void if the bankrupt was insolvent or there was fraud. The new Code addresses fraud under 11 U.S.C. § 548. Section 547(b) provides that liens may be avoided if within 90 days. Beyond 90 days it must be the lien of an "insider who has reasonable cause to believe the debtor was insolvent." 11 U.S.C. § 547(b)(4)(B)(i), (ii). *See* Collier on Bankruptcy (15th ed. 1979) Vol. 4, Para. 547.10.

■ The debtor can avoid a transfer only if the trustee could have done so. *See* 11 U.S.C. § 522(h)(1), (2). As a trustee could

---

1. *See* 11 U.S.C. § 522(d)(1) which permits an exemption of real or personal property used by a debtor as a residence to the debtor's aggregate interest not to exceed $7,500.

not avoid this transfer, neither may the debtors.

■ Defendants contend the stipulation filed in the State action substituting their house trailer for the released cash and vehicles as attached property and waiving Nevada homestead rights was not authorized. The act of an attorney of record on behalf of a party is binding on that party. (*Aldabe v. Aldabe* (1968), 84 Nev. 392, 441 P.2d 691; *Gottwals v. Rencher* (1940), 60 Nev. 47, 98 P.2d 481.) While the waiver of homestead rights is a serious matter to stipulate, the State Court approved the stipulation and the debtors have had the benefit since September 5, 1979 of the release of $3,500, the Dodge van, and utility trailer.

Taking the alternative permitted by 11 U.S.C. § 522(b) to select either exemptions under State law or the Bankruptcy Code, debtors chose the latter. Debtors contend that not only may they take the exemption under 11 U.S.C. § 522(d)(1) for the mobile home, but that they may avoid the judicial lien[2] of attachment under 11 U.S.C. § 522(f) which provides in part:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or"

Two questions need to be answered:

1. May a debtor avoid a lien against exempt property under 11 U.S.C. § 522(f) when the property is liable to the claim of a judicial lien that could not be avoided under Section 547?[3]

2. Is the statute unconstitutional when applied to the avoidance of a judicial lien under Section 522(f) to establish an exemption as against a remedy taken and existing prior to the statute?

■ As to the first question, it is clear that the judicial attachment lien in this case is not a preference and continues against the exempt property. However, a lien may be avoided under Section 522(f) *only to the extent that it impairs* the exemption. It may or may not be avoided in its entirety, depending upon the amount of the lien and the equity of the debtors over and above the exemption.[4] Section 522(f) modifies 522(c) by providing that a valid lien may be avoided to the extent of impairment of the exemption. To hold otherwise would mean that property subject to a lien that cannot be avoided under Section 547 creates an impregnable lien against which the right to avoid under Section 522(f) may not be used. Thus Section 522(f) contemplates the existence of a valid lien and simply provides that avoidance is limited to such amount as may impair an exemption.

■ The answer to the second question is that Section 522(f) which overrides and permits avoidance of a pre-Code judicial lien to the extent such lien impairs an exemption created after the debt and the remedy arose, impairs the obligation of contract, but that is not forbidden to the Congress.

In *Continental Bank v. Rock Island Ry.* (7th Cir. 1935), 294 U.S. 648, 55 S.Ct. 595, 608, 79 L.Ed. 1110, the Supreme Court, in speaking the right of Congress to impair the obligation of contracts in bankruptcy law, said at page 680:

2. A judicial lien is defined at 11 U.S.C. § 101(27) as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;"

3. "(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title; or

(2) a lien that is—
(A) not avoided under section 544, 545, 547, 548, 549, or 724(a) of this title;"

4. For example, if the property attached in this case was of a value of $20,000 and the equity of the debtors $10,000, an attachment of the debtors' interest or equity of $10,000 can be avoided only to the extent of $7,500 (the amount of the impaired exemption) leaving $2,500 subject to the lien.

"The Constitution, as it many times has been pointed out, does not in terms prohibit Congress from impairing the obligation of contracts as it does the states. But as far back as *Calder v. Bull*, 3 Dall. 386, 388 [1 L.Ed. 648], it was said that among other acts which Congress could not pass without exceeding its authority was "a law that destroys or impairs the lawful private contracts of citizens." The broad reach of that statement has been restricted (Legal Tender Cases, 12 Wall. 457, 549–550 [20 L.Ed. 287]); but the principle which it includes has never been repudiated, although the extent to which it may be carried has not been definitely fixed. Speaking generally, it may be said that Congress, while without power to impair the obligation of contracts by laws acting directly and independently to that end, undeniably, has authority to pass legislation pertinent to any of the powers conferred by the Constitution, however it may operate collaterally or incidentally to impair or destroy the obligation of private contracts. Legal Tender Cases, *supra; Louisville & Nashville R. Co. v. Mottley*, 219 U.S. 467, 480–482, 484 [31 S.Ct. 265, 55 L.Ed. 297]; *Highland v. Russell Car Co.*, 279 U.S. 253, 261 [49 S.Ct. 314, 73 L.Ed. 688]. And under the express power to pass uniform laws on the subject of bankruptcies, the legislation is valid though drawn with the direct aim and effect of relieving insolvent persons in whole or in part from the payment of their debts. *See Hanover National Bank v. Moyses, supra,* [186 U.S. 181] at p. 188 [22 S.Ct. 857, 46 L.Ed. 1113]. So much necessarily results from the nature of the power, and this must have been within the contemplation of the framers of the Constitution when the power was granted."

There are two reasons why defendants are not estopped. Primarily defendants waived only the Nevada homestead exemption and are now asserting the Federal exemption and, secondly, Congress has specifically provided that "*Notwithstanding any waiver* of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." (Emphasis added.)

Plaintiffs objected to defendants' discharge upon the ground that defendants had concealed equipment as part of a utility truck. The schedules sufficiently reveal the existence of the truck, which could be the subject of inquiry by the trustee or creditors.

Let judgment be entered that defendants' exemption be granted on the mobile home of $7,500, that plaintiffs' judicial lien be avoided to the extent that it impairs the defendants' exemption and that plaintiffs' prayer to lift the automatic stay is granted to the extent that plaintiffs may proceed against the equity of debtors in the attached property to satisfy plaintiffs' judicial lien over and above the amount of the exemption but not for personal liability against debtors.

The objection to discharge is denied.