**In re John Gordon BECK and Betsy Mae Beck.**

**Bankruptcy No. 379–01395.
Adv. No. 379–0037.**

United States Bankruptcy Court,
C. D. Illinois.

June 16, 1980.

---

John Germeraad, Asst. U. S. Atty., Springfield, Ill., K. Michael Latshaw, Decatur, Ill., for U. S.

J. Timothy Eaton, Decatur, Ill., David Epstein, John Cowan Morland, Attys., Civil Div., Dept. of Justice, Washington, D. C., for Becks.

BASIL H. COUTRAKON, Bankruptcy Judge.

The date of enactment of the Bankruptcy Reform Act of 1978, known as the Bankruptcy Code, was November 6, 1978, and this law became effective October 1, 1979.

In between these dates, on February 28, 1979, the debtors granted to Associates Finance a security interest in certain household goods to cover a debt due the loan company. On October 22, 1979, the debtors filed their petitions for relief under the Bankruptcy Code.

Associates filed a petition to reclaim its security, and the debtors answered and filed a Motion for Summary Judgment that the security interest in the household goods be voided pursuant to Section 522(d)(3) and 522(f)(2) which provide:

Section 522. Exemptions.

(d) The following property may be exempted under subsection (b)(1) of this section:

   .    .    .    .    .

(3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

   .    .    .    .    .

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held pri-

marily for the personal, family, or household use of the debtor or a dependent of the debtor.

In its Memorandum of Law accompanying the Reclamation Petition, Associates complain that the effect of Sections 522(d)(3) and 522(f)(2) is to deny it due process of law, and therefore, is unconstitutional.

The Attorney General of the U. S. was permitted to intervene as to the question of the constitutionality of the quoted sections of the Code.

In various constitutional cases the issues have been whether the Acts of Congress were constitutional when applied to contracts made before their passage; and secondly, whether the Acts of Congress were valid as applicable to debts contracted since their enactment and prior to the effective date of the Acts. (*Legal Tender Cases*, 79 U.S. (12 Wall.) 457, 20 L.Ed. 287 (1870).)

And the question here, is whether the security interest granted to Associates subsequent to the enactment and prior to the effective date of the act may be nullified by a provision in the act.

None of the briefs presented cited any cases wherein the effect of 522(f) on debts contracted after the enactment of, but prior to the effective date, of the Code was an issue; nor could I find any. In *In re Payne* (N.D.Tex.1935) 10 F.Supp. 649 the court said that a "trial court should tread cautiously in declaring an Act of the Congress unconstitutional. That judicial function should be performed by the higher courts; but when the trial court has no doubt of unconstitutionality, it is clearly the duty to so say." There is not present in my mind that "no doubt of unconstitutionality," so after carefully reading many of the cases cited in the well prepared briefs submitted by the parties, I am constrained to say that Section 522(f)(2) of the Bankruptcy Code, when applied to the facts herein, is not unconstitutional and that the Petition for Reclamation of the household goods should be denied and the lien thereon voided.

The primary goal of Congress in enacting the Reform Act of 1978 was to provide an effective modern bankruptcy mechanism for consumer debtors. Congress found that most state bankruptcy laws were outmoded, and there was a need to provide a debtor with a "fresh start," and where bankruptcy was the result, that the debtor emerge therefrom with adequate possessions to keep him off the public rolls. It is constitutionally provided that "Congress shall have [the] power to establish . . . uniform laws on the subject of bankruptcies throughout the United States."

Accordingly, in the Code, Congress established a set of federal exemptions to serve as an alternative to state exemptions for a debtor choosing bankruptcy in dealing with his creditors. On these exemptions, Congress gave to the debtor in bankruptcy a right to avoid liens. It is this right, the application of 522(f), that Associates finds obnoxious and unconstitutional.

In the *Legal Tender Cases*, 79 U.S. (12 Wall.) 457, 20 L.Ed. 287 (1870), the Supreme Court, in addressing a challenge to the Constitutionality of the Acts of Congress which made Treasury Notes legal tender in satisfaction of debts, even though pre-existing contracts executed both before and after the enactment of its Acts had called for payment in specie, the Court said at page 549:

> Nor can it be truly asserted that Congress may not, by its action, indirectly impair the obligation of contracts, if by the expression be meant rendering contracts fruitless or partially fruitless. *Directly it may confessedly, by passing a bankrupt act, embracing past as well as future transactions. This is obliterating contracts entirely.* (emphasis supplied)

Exemptions to a debtor have ever been a fundamental element of bankruptcy. 3 Collier on Bankruptcy, 522.01 (15th ed. 1979) In passing 522(d)(3) and 522(f)(2) of the Code, Congress endeavored to ensure to debtors that their exemptions would not be nullified by creditors with blanket security

interests in all of the debtor's property. Both provisions of 522 further the legitimate goals of bankruptcy—to rehabilitate debtors by relieving them of their oppressive debts and allowing them to retain enough property to make a meaningful fresh start.

In *Kuenher v. Irving Trust Co.*, 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340 (1937) the Court said: "the question is whether the remedy (of the creditor) is circumscribed in so unreasonable and arbitrary way as to deny due process."

█ And the fact that the code applies retroactively presents no concern unless the retroactivity is unreasonable. In 522(f) Congress endeavored to correct the abusive effect of dragnet liens on property of the unfortunate debtor. This was not innovative. Congress had seen fit to apply the Black Lung Benefits Act of 1972 retroactively and the Supreme Court did not find the retroactivity unreasonable. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976).

Associates further argues that 522(f) is invalid as being violative of the due process clause of the Fifth Amendment just as the Supreme Court in *Louisville Joint-Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) held the Frazier Lemke Act unconstitutional as effecting a substantial impairment of a mortgagee's security. But the government argues that the Supreme Court radically departed from the effect of the *Radford* case when in *Wright v. Vinton Branch of the Mountain Trust Bank of Roanoke*, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937) it found constitutional a post-*Radford* amendment to the Frazier Lemke Act wherein a five year limitation on the mortgagee's right to proceed against the mortgagor's property was reduced to three years subject to the discretion of the Bankruptcy Court.

In reading the *Wright* case, I can see why the Trial and Appellate Courts held the Frazier Lemke amendment unconstitutional. They were using naturally the guidelines of the *Radford* case in deciding the constitutionality of the amended statute, and they were reversed. I dare say that when the case reached the Supreme Court, the justices viewed the new Frazier Lemke amendment through more progressive and less exacting eyes than when they had perused and decided the *Radford* case.

I read with interest the *In re Hoops v. Freedom Finance and Security Industrial Bank*, 3 Bkrtcy. 635 and *Rodrock v. Security Industrial Bank*, 3 Bkrtcy. 629 cases decided by Bankruptcy Judges in Colorado and found them interesting, well thought-out and well written, but not so persuasive that I wanted to find 522(f) unconstitutional. I believe that Congress was acting reasonably in its desire to rehabilitate the debtor and did not enact legislation effecting rights of secured creditors to the extent that they were denied due process of law.

The Motion for Summary Judgment is granted. Attorneys for the debtors and attorneys for the government should draw an order denying the Petition for Reclamation of Associates for the reason that the lien on the household goods was void under Section 522(f) of the Bankruptcy Code. The attorney for Associates, Mr. Latshaw, should approve the order, at least, for form.