In re Donald Harrison BRADFORD and Eleanor Joyce Bradford, Debtors.

James E. DOTSON and Lorraine E. Dotson, Plaintiffs,

v.

Donald Harrison BRADFORD, Eleanor Joyce Bradford, et al., Defendants.

Civ. No. R–80–124BRT.
Bankruptcy No. 79–00540.
Adv. No. 80–0004.

United States District Court,
D. Nevada.

Sept. 26, 1980.

Stewart R. Wilson, Wilson, Wilson & Barrows, Ltd., Elko, Nev., for plaintiffs.

Ross P. Eardley, Elko, Nev., for defendants.

## OPINION

BRUCE R. THOMPSON, District Judge.

This is an appeal from a judgment of the Bankruptcy Court entered on March 24, 1980. 28 U.S.C. § 1334. The Bankruptcy Court held that the Bradfords' house trailer is exempt to the extent of their aggregate interest in the trailer up to the $7,500 homestead exemption pursuant to 11 U.S.C. § 522(d)(1). It also held that the Dotsons' judicial lien is avoided to the extent it impairs the Bradfords' exemption. 11 U.S.C. § 522(f). *Dotson v. Bradford*, 5 B.R. 18, 6 B.C.D. 75 (Bkrtcy.D.Nev.1980).

On November 28, 1978, the Dotsons filed an action against the Bradfords to recover damages for breach of an agreement to purchase a bar in Eureka, Nevada. The state district court issued a writ of attachment. Two vehicles and a utility trailer belonging to the Bradfords were attached on June 28, 1979. Soon thereafter, by agreement, the Bradfords substituted $3,500 cash for one of the vehicles.

The Bradfords unsuccessfully challenged the attachment. However, the parties did follow a suggestion of the trial judge and stipulated to substitute the house trailer for the vehicle, utility trailer, and cash. The order allowing the substitution was filed on September 7, 1979. Following a trial, judgment for $10,558 was entered in favor of the Dotsons on December 19, 1979.

After the trial judge filed his findings of fact and conclusions of law on December 14, 1979, but before judgment was entered, the Bradfords filed a petition declaring bankruptcy on December 17, 1979. The Bradfords claimed federal exemptions pursuant to 11 U.S.C. § 522(d). The Dotsons were notified that there were no assets to distribute to the Bradfords' creditors and that actions against the Bradfords' property were stayed pursuant to 11 U.S.C. § 362(a).

On January 31, 1980, the Dotsons filed a complaint in Bankruptcy Court seeking removal of the stay order to permit the Dotsons to execute upon the house trailer, and objecting to discharge of the Bradfords. Following a hearing, the bankruptcy judge lifted the automatic stay to permit the Dotsons to proceed against the Bradfords' equity in the house trailer in excess of the $7,500 exemption. The Dotsons appeal the allowance of the $7,500 exemption. No appeal was taken by the Bradfords. Hence there is no issue respecting the amount of the allowable exemption under 11 U.S.C. § 522(m).

The only issue on appeal which justifies discussion supplementing Judge Goldwater's reported opinion, supra, is whether retroactive application of 11 U.S.C. § 522(f) to avoid the Dotsons' judicial lien to the extent it impaired the $7,500 exemption comports with Congressional intent and is constitutional. A number of bankruptcy judges have considered the problems in reported decisions since the Bankruptcy Court filed its opinion in this case.

In *Pierce v. Oklahoma Health Services Federal Credit Union*, 4 B.R. 671, 6 B.C.D. 484 (Bkrtcy.W.D.Okl.1980), the court held

that section 522(f) should not be given retrospective effect to avoid a security interest created before approval of the new Bankruptcy Act on November 6, 1978 because to do so would constitute a deprivation of constitutional due process.

*Jackson v. Security Industrial Bank,* 4 B.R. 293, 6 B.C.D. 612 (Bkrtcy.D.Colo.1980) also was concerned with security interests created prior to November 6, 1978. The court, in a well reasoned opinion, demonstrated that the provisions of the new Bankruptcy Act necessarily contemplated and required retrospective application of its provisions, but the court also concluded that the case of *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) required a decision that section 522(f) could not be constitutionally applied to avoid the security interests. The due process clause prohibits this.

*Rodrock v. Security Industrial Bank,* 3 B.R. 629, 6 B.C.D. 267 (Bkrtcy.D.Colo.1980) is a similar case with a similar result, relying upon the *Radford* precedent. But a later Colorado case, *Lucero v. Security Industrial Bank,* 4 B.R. 659, 6 B.C.D. 477 (Bkrtcy.1980) concerned the avoidance of a judicial lien created after November 6, 1978. The lien was created on February 7, 1979. Nevertheless, the court held that *Radford* still controlled, and that the application of 11 U.S.C. § 522(f) to the defendant would deny it substantive due process rights guaranteed by the Fifth Amendment.

The case of *Centran Bank of Akron v. Ambrose,* 4 B.R. 395, 6 B.C.D. 454 (Bkrtcy. N.D.Ohio 1980) dealt with a security interest created before November 6, 1978 and considered the constitutionality of retrospective application of section 522(f) from the point of view both of the impairment of obligation of contracts and the due process clause. This court did not give the pervasive effect to *Radford* found in the Colorado decisions. Rather, the court relied on one of the early bankruptcy decisions, *Hanover National Bank v. Moyses,* 186 U.S. 181, 192, 22 S.Ct. 857, 862, 46 L.Ed. 1113 (1902) for the principle: "Congress may prescribe

any regulations concerning discharge in bankruptcy that are not so grossly unreasonable as to be incompatible with fundamental law . . .", and also upon the due process philosophy of *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 15, 96 S.Ct. 2882, 2892, 49 L.Ed.2d 752 (1976):

"It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way. See, e. g., *Ferguson v. Skrupa,* 372 U.S. 726 [83 S.Ct. 1028, 10 L.Ed.2d 93] (1963); *Williamson v. Lee Optical Co.,* 348 U.S. 483, 487–488 [75 S.Ct. 461, 464, 99 L.Ed. 563] (1955). And this Court long ago upheld against due process attack the competence of Congress to allocate the interlocking economic rights and duties of employers and employees upon workmen's compensation principles analogous to those enacted here, regardless of contravening arrangements between employer and employee. *New York Central R. Co. v. White,* 243 U.S. 188 [37 S.Ct. 247, 61 L.Ed. 667] (1917); see also *Philadelphia, B. & W. R. Co. v. Schubert,* 224 U.S. 603 [32 S.Ct. 589, 56 L.Ed. 911] (1912)."

In *Ambrose* the court sustained the constitutionality of section 522(f) to avoid the security interest there in issue.

Other cases, namely, *Head v. Home Credit Co.,* 4 B.R. 521, 6 B.C.D. 489 (Bkrtcy.E.D. Tenn.1980); *In re Beck,* 4 B.R. 661, 6 B.C.D. 491 (Bkrtcy.C.D.Ill.1980); and *U. S. Life Credit Corporation v. Steinart,* 4 B.R. 354, 6 B.C.D. 623 (Bkrtcy.W.D.La.1980) involved liens or security interests created after November 6, 1978 and each found retrospective application of section 522(f) to be constitutional.

█ The applicable precedents have been so thoroughly reviewed and discussed in the referenced cases that we see no point in additional extensive elaboration. Suffice it to observe that here we are concerned with a judicial lien created several months after

**744**

the passage of the new Bankruptcy Act and all parties were on notice of the possible effects of the law upon the transactions conducted. It is of the essence of bankruptcy legislation that creditors' rights and remedies will be substantially affected, modified and changed. It is traditional in bankruptcy law that certain kinds of property should be exempted from administration and from liability for the bankrupt's obligations.

The holding in *Radford* has been tempered by the court's approach to economic legislation in *Usery*. Legislation that adjusts the rights and remedies of creditors should be upheld if the means are reasonable and rationally related to a legitimate governmental objective.

The objective of bankruptcy laws is to equitably distribute the bankrupt's assets among creditors and to enable the bankrupt to make a fresh start. H.R.Rep. No. 595, 95th Cong., 1st Sess. 360–363 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6315–6318. 11 U.S.C. § 522. In light of the fact that the code was enacted before the judicial lien attached, and given the legal rule that creditors are chargeable with knowledge that their rights and remedies may be affected by newly enacted legislation, *In re Prima Co.*, 88 F.2d 785 (7th Cir. 1937), retroactive application of this legislation is reasonable and fair. Cf. *Legal Tender Cases*, (12 Wall.) 79 U.S. 457, 20 L.Ed. 287 (1870) (Fifth Amendment does not prevent indirect appropriation resulting from exercise of lawful power). Applying the analysis set forth in *Usery*, we should defer to the judgment of Congress because the bankrupt's avoidance power is rationally related to a legitimate governmental purpose and is not so grossly arbitrary or unreasonable that the Dotsons were deprived of their property without due process. They may still execute their judgment against the Bradfords' equity in the house trailer in excess of $7,500.

The judgment appealed from is affirmed.