In the Matter of Richard William TESKE and Harriett Lee Teske f/d/b/a Country Carpets of Hastings, Donald Robert Mullen and Delores Adeline Mullen, Debtors.

Richard William TESKE and Harriett Lee Teske f/d/b/a Country Carpets of Hastings, Plaintiffs,

v.

GENERAL FINANCE CORPORATION, Defendant.

Donald Robert MULLEN and Delores Adeline Mullen, Plaintiffs,

v.

GENERAL FINANCE CORPORATION, Defendant.

Bankruptcy Nos. HG 80 00136, HG 80 01176.

United States Bankruptcy Court, W. D. Michigan.

Feb. 9, 1981.

Martin Rogalski, Grand Rapids, Mich., for Richard Teske and Harriet Teske, plaintiffs.

James B. Burr, Jr., Grand Rapids, Mich., for General Finance, defendant.

Robert Redmond, Kalamazoo, Mich., for Donald and Delores Mullen, plaintiffs.

Richard Walsh, Kalamazoo, Mich., for General Finance, defendant.

Joseph A. Chrystler, Kalamazoo, Mich., trustee.

## OPINION

## CONSTITUTIONALITY OF 11 U.S.C. § 522(f)

LAURENCE E. HOWARD, Bankruptcy Judge.

The plaintiffs filed complaints to avoid nonpossessory, nonpurchase-money security interests in household goods. The facts are not in dispute. It is agreed that the securi-ty interests of the defendant are nonpossessory and nonpurchase-money. The Teske security agreement was executed on April 12 1979, and the Mullens on May 17, 1979.

The Bankruptcy Reform Act was enacted on November 6, 1978, and became effective on October 1, 1979.

The question before this court is whether the lien avoidance provisions of 11 U.S.C. § 522(f) as it relates to these security agreements constitutes a taking of property without due process of law under the Fifth Amendment.[1]

Several bankruptcy courts and one district court have ruled on the constitutionality of section 522(f) in reference to the so-called interim period transactions between November 6, 1978, and October 1, 1979.

In *In re Lucero*, 4 B.R. 659, 6 B.C.D. 477 (Bkrtcy., D.Colo.1980) and *In re Bibb* (E.D. Mich.1980) the bankruptcy courts held that the defendants acquired substantive rights in specific property prior to the effective date of the Act and the deprivation of such rights is unreasonable and unconstitutional.

Other bankruptcy courts have upheld the constitutionality of section 522(f) on the basis that after the passage of the Act, creditors were put on notice of the possible effects of the law upon transactions conducted. *In re Head*, 5 B.R. 521, 6 B.C.D. 489 (Bkrtcy., E.D.Tenn.1980), *In re Pockat*, 6 B.R. 24, 3 C.B.C.2d 1 (Bkrtcy., W.D.Wisc. 1980), *In re Beck*, 4 B.R. 661, 6 B.C.D. 491 (Bkrtcy., C.D.Ill.1980), *U. S. Life Credit Corp. v. Steinart*, 4 B.R. 354 (Bkrtcy., W.D. La.1980), and *In re Hawley*, 4 B.R. 147, 2 C.B.C.2d 80 (Bkrtcy., D.Or.1980). See also, *In re Primm*, 6 B.R. 143, 2 C.B.C.2d 1170 (Bkrtcy., D.Kan.1980), where avoidance of both pre-enactment and interim security agreements were held constitutional.

---

1. "(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; ..." 11 U.S.C. § 522(f). "No person shall ... be deprived of life, liberty or property, without due process of law; ..." U.S.Const. Amend. V.

The U.S. District Court of Nevada in a well reasoned opinion upheld the constitutionality of section 522(f):

"The objective of bankruptcy laws is to equitably distribute the bankrupt's assets among creditors and to enable the bankrupt to make a fresh start. H.R.Rep. No.595 95th Cong., 1st Sess. 360–363 (1977); 11 U.S.C. § 522. In light of the fact that the code was enacted before the judicial lien attached, and given the legal rule that creditors are chargeable with knowledge that their rights and remedies may be affected by newly enacted legislation, *In re Prima Co.,* 88 F.2d 785 (7th Cir. 1937), retroactive application of this legislation is reasonable and fair. Cf. *Legal Tender Cases,* [12 Wall.] 79 U.S. 457, [20 L.Ed. 287] (1870) (Fifth Amendment does not prevent indirect appropriation resulting from exercise of lawful power). Applying the analysis set forth in Usery, we should defer to the judgment of Congress because the bankrupt's avoidance power is rationally related to a legitimate governmental purpose and is not so grossly arbitrary or unreasonable that the Dotsons were deprived of their property without due process...." *In re Bradford,* 6 B.R. 741, 3 C.B.C.2d 39, p. 42 (D.Nev.1980).

Some bankruptcy courts have held it is unconstitutional to avoid liens created *before* enactment of the Act on the basis that such avoidance would amount to a retroactive taking of property without due process in violation of the Fifth Amendment. *In re Rodrock,* 3 B.R. 629, 1 C.B.C.2d 1022 (Bkrtcy., D.Colo.1980), *In re Knezel,* 3 B.R. 629, 1 C.B.C.2d 1022 (Bkrtcy., D.Colo.1980), and *In re Hawley,* 4 B.R. 147, 2 C.B.C.2d 80 (Bkrtcy., D.Or.1980).

These courts have relied on *Louisville Joint Stock Bank v. Radford,* 292 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). The Frazier-Lemke Act permitted a debtor to retain encumbered real estate under court ordered supervision after having obtained a five year stay of foreclosure in a proceeding brought in a state court. The debtor after five years was permitted to pay a price

determined by the court, and although the mortgagee would have lost his rights under the original mortgage, he would have received the amount set by the court. The court held that the cancellation of the mortgage acquired prior to the enactment of the Act was a violation of the due process provisions of the Fifth Amendment. See also, *Wright v. Vinton Branch of Mountain Trust Bank of Roanoke,* 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937).

The decision in the *Radford* case is not applicable to these cases. Both security agreements were entered *subsequent* to the enactment of the Bankruptcy Reform Act. When the transactions were consummated, the defendant was chargeable with knowledge of the provisions of section 522(f) and its possible effect on proceedings commenced after October 1, 1979. I find that section 522(f) is constitutional as it relates to these security agreements.

An Order may be entered avoiding the defendant's security interests.