In the Matter of Terrence Lee FEN-NELL, Betty Ann Fennell, Debtors.

GENERAL FINANCE CORPORATION OF IDAHO, Plaintiff,

v.

Terrence Lee FENNELL and Betty Ann Fennell, Defendants.

Bankruptcy Nos. 80–01017, 80–0341.

United States Bankruptcy Court,
D. Idaho.

Feb. 27, 1981.

John M. Bybee, Idaho Falls, Idaho, for plaintiff.

John M. Ohman, Idaho Falls, Idaho, for defendants.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

This action presents the question of whether or not a nonpossessory, nonpurchase-money consensual lien or a judgment lien created in the "gap" period between enactment of the Bankruptcy Code on November 6, 1978, and the effective date of the Code October 1, 1979, can be avoided under Section 522(f) of the Code, if it impairs a lawful exemption of the debtor. 522(f) provides:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (h) of this section, if such lien is—

"(1) a judicial lien; or

"(2) a nonpossessory, nonpurchase-money security interest in any—

"(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

"(B) implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor; or

"(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

This Court in an unreported decision, *Stafford v. Dial Finance Corp.*, 80–0059 (1980) held that Section 522(f) was an unconstitutional deprivation of a vested right if applied retroactively to liens which had

attached to the property claimed exempt prior to the enactment of Title 11 on November 7, 1978.

Liens which are created during the "gap" period present a different problem because creditors presumptively had knowledge of the prospective application of the Act after November 7, 1978. The decisions to date are far apart.

Plaintiff's counsel has cited cases which rely on the Depression Era case of *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) to hold an application of 522(f) to liens created during the "gap" period is an unconstitutional deprivation of a vested property right. The particular cases cited are *Schulte v. Beneficial Finance*, (Kansas 1980) 8 B.R. 12, and *Williams v. Beneficial Finance* (Wash.1981) 8 B.R. 562. In addition, I have examined *Lucero v. Security Industrial Bank*, 4 B.R. 659, 2 C.B.C.2d 532 (Bkrtcy. Colo.1980) and *Jackson v. Security Industrial Bank*, 4 B.R. 293, 2 C.B.C.2d 91 (Bkrtcy. Colo.1980).

I have also considered the following decisions which hold that 522(f) is a constitutional exercise of Congress' bankruptcy powers. *In re Steinart*, 4 B.R. 354, 2 C.B. C.2d 166 (Bkrtcy. WD La.1980); *In re Beck*, 4 B.R. 661, 4 B.C. 611, 2 C.B.C.2d 738 (Bkrtcy., Ill.1980); *Head v. Home Credit Co.*, 4 B.R. 521, 2 C.B.C.2d 366 (Bkrtcy. Tenn.1980); *Centran Bank v. Ambrose*, 4 B.R. 395, 2 C.B.C.2d 267 (Bkrtcy. ND Ohio 1980); *Rutherford v. Associates Financial Services*, 4 B.R. 510, 2 C.B.C.2d 728 (Bkrtcy. SD Ohio 1980); *Fisher v. Liberty Loan Corporation*, 6 B.R. 741, 3 C.B.C.2d 39 (Nev. 1980), in which Judge Thompson reviewed most of the above cases and succinctly stated his conclusions, with which I agree as follows:

"(1) The applicable precedents have been so thoroughly reviewed and discussed in the referenced cases that we see no point in additional extensive elaboration. Suffice it to observe that here we are concerned with a judicial lien created several months after the passage of the new Bankruptcy Act and all parties were on notice of the possible effects of the law upon the transaction conducted. It is of the essence of bankruptcy legislation that creditors' rights and remedies will be substantially affected, modified and changed. It is traditional in bankruptcy law that certain kinds of property should be exempted from administration and from liability for the bankrupt's obligations.

"The holding in *Radford* has been tempered by court's approach to economic legislation in *Usery*. Legislation that adjusts the rights and remedies of creditors should be upheld if the means are reasonable and rationally related to a legitimate governmental objective.

"The objective of bankruptcy laws is to equitably distribute the bankrupt's assets among creditors and to enable the bankrupt to make a fresh start. H.R.Rep. No. 595, 9th Cong., 1st Sess. 360–363 (1977); 11 U.S.C. § 522. In light of the fact that the code was enacted before the judicial lien attached, and given the legal rule that creditors are chargeable with knowledge that their rights and remedies may be affected by newly enacted legislation, *In re Prima Co.*, 88 F.2d 785 (7th Cir. 1937), retroactive application of this legislation is reasonable and fair. Cf. *Legal Tender Cases*, 79 U.S. 457 [12 Wall. 457, 20 L.Ed. 287] (1870) (Fifth Amendment does not prevent indirect appropriation resulting from exercise of lawful power). Applying the analysis set forth in *Usery*, we should defer to the judgment of Congress because the bankrupt's avoidance power is rationally related to a legitimate government purpose and is not so grossly arbitrary or unreasonable that the Dotsons were deprived of their property without due process. They may still execute their judgment against the Brandfords' equity in the house trailer in excess of $7,500.00."

I thus conclude that the lien of plaintiff herein is a voidable lien.

Defendants' counsel may submit a Judgment so holding.