**In re Charlotte Patricia HARPER,
Debtor.**

**Charlotte Patricia HARPER, Plaintiff,**

**v.**

**C. I. T. FINANCIAL SERVICES, a
corporation, Defendant.**

**Bankruptcy No. 80–00759.
Adv. No. 80–0400.**

United States Bankruptcy Court,
W. D. Washington,
at Seattle.

May 28, 1981.

John E. Woodbery, Bellevue, Wash., for Harper.

Alex Wiley, Seattle, Wash., for C.I.T. Financial.

## MEMORANDUM OF DECISION

SIDNEY C. VOLINN, Bankruptcy Judge.

The defendant holds a non-purchase money security interest in certain household goods of the plaintiff. This consensual lien was created on February 18, 1979, after the enactment date of the Bankruptcy Code, November 6, 1978, but prior to the effective date of § 522(f) of the Code, October 1, 1979. See § 402(a) of Title IV of the Bankruptcy Reform Act of 1978. The plaintiff seeks to avoid the defendant's lien, based on the terms of § 522(f). The issue is whether this section of the Code is unconstitutional as permitting a taking of the defendant's property rights in the collateral securing his loan in violation of the 5th Amendment to the U. S. Constitution, particularly where the property right to be affected by the

taking was contracted for after passage of the Act authorizing the taking, but before the questioned provision of the Act was to become effective.

The 10th Circuit Court of Appeals in *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir. 1981), *appeal docketed*, April 1, 1981, recently addressed the constitutionality of § 522(f) with respect to consensual liens created *prior* to the enactment date of the Code. It held that Congress intended § 522(f) to apply retroactively to security interests created prior to the enactment date of the Code, and that such application was unconstitutional since it effected a taking prohibited by the 5th Amendment.

The court has followed *Rodrock* in attempted applications of § 522(f) to security interests created prior to the Code's enactment date. The question here is whether the constitutional analysis is altered by the fact that in the instant case the lien arose after Congress enacted § 522(f) but before it became operational. There is authority holding that liens incurred during this gap period may be avoided, see *In re Bradford*, 5 B.R. 18 (Bkrtcy.D.Nev.1980), *In re Head*, 4 B.R. 521, 6 B.C.D. 489 (Bkrtcy.E.D.Tenn. 1980), *In re Beck*, 4 B.R. 661, 6 B.C.D. 491 (Bkrtcy.C.D.Ill.1980). Arguably, this enactment provided the creditor community constructive notice of a potential power accruing to debtors in bankruptcy cases filed after October 1, 1979.* However, since the statute does not state in express terms that a debtor may use this power with regard to transactions entered into before the effective date of the avoidance provision, a creditor could fairly contend that constructive notice of the deferred effective date advised him that his transactions would not be subject to this particular law until it became operational.

More importantly, the constitutional analysis here involves whether a "taking" of private property without just compensation has been statutorily authorized, as distin-

---

* It could also be argued that the 10 month period was provided so that the creditor community would have the time to become informed, inter-pret and adjust to this provision before it would be affected thereby.

guished from whether due process in the form of adequate notice has been sufficiently provided.

Congress enacted 11 U.S.C. 522(f) pursuant to its conception of public policy that commitments of certain kinds of collateral by debtors to lenders should be subject to avoidance. It provided, however, that this right or power would not come into being until a specified date. Prior to this date the right did not exist. Congress intended that this right could reach back into the pre-Code past to avoid collateral commitments made at any time prior to the date § 522(f) became effective. *Rodrock* has declared this retroactive aspect unconstitutional. It does so without qualification. Implied knowledge or constructive notice that an unconstitutional taking will become constitutionally permissible after a certain date does not impart constitutional viability to an impermissible act. In any event, it is the Court's view that the logic of *Rodrock* basically involves the concept of a statute which permits or authorizes the debtor to exercise powers of avoidance he did not have at the time he contracted with the creditor and holds that he cannot reach back. The Court would note that this issue is not free from doubt, as demonstrated in the recent decision of *Groves v. Household Finance*, 9 B.R. 775 (Bkrtcy.D.Col.1981), which is in accord with the views expressed herein.

For the foregoing reasons, the Court holds that § 522(f) is unconstitutional as applied to the defendant's security interest. Any issues unresolved by this disposition shall be raised at the hearing on presentation of a judgment consistent with this Memorandum. Said presentation hearing shall be noted on the Court's motion calendar.

