In re Akram HABEEB–ULLAH a/k/a James W. Dixon a/k/a Bro. James.

Aesha Habeeb-Ullah a/k/a Johnnie Mae Dixon, Debtors.

Bankruptcy No. 80–13109 M.

United States Bankruptcy Court, W. D. New York.

Jan. 28, 1982.

McKee, Phelps & Bowman, Buffalo, N. Y. (John M. McKee, of counsel), Buffalo, N. Y., for debtors.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N. Y. (Michael J. Laucello, of counsel), Buffalo, N. Y., for National Fuel Gas Distribution Corp.

BERYL E. McGUIRE, Bankruptcy Judge.

The debtors, Akram and Aesha Habeeb-Ullah, have moved in accordance with Local Rule 2(7) to set aside or value three judicial liens pursuant to sections 522(f)(1) and 506, Title 11 U.S.C. Chronologically, the first judicial lien arose from a Buffalo City Court judgment against the debtors which was docketed in the Erie County Clerk's Office on December 5, 1973 in favor of Verda-Ray Corporation in the sum of $742.97. The second judicial lien arose by virtue of a New York Supreme Court judgment against the debtors duly docketed in the Erie County Clerk's Office on December 11, 1974 by the Manufacturers and Traders Trust Company in the sum of $9,144.45. The third judicial lien arose by virtue of a Buffalo City Court judgment obtained against the debtors by National Fuel Gas Distribution Corporation in the sum of $1,530.65 and docketed in the Erie County Clerk's Office on March 2, 1978.

Under New York law, the docketing of a judgment in the Erie County Clerk's Office creates a judicial lien against any real property owned by the judgment debtor in Erie County.[1] That lien, under New York law, retains its vitality for a period of at least ten years.[2] In this case, the debtor, under the name of James W. Dixon, individually owns real estate at 791 East Delavan Street

---

1. *See,* N.Y.Civ.Prac.Law § 5018(a) (McKinney 1963).

2. *See,* N.Y.Civ.Prac.Law § 5203(a) (McKinney 1978). Section 5203(a) provides in part:

No transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor either from the time of the docketing of the judgment with the clerk of the county in which the property is located until 10 years after the filing of the judgment roll, . . .

in the City of Buffalo which he valued in his schedules at $4,000.00. He also owns an entirety interest with his spouse in real property at 260 Roslyn Street in the City of Buffalo which he valued at $24,000.00. There are mortgages against these properties in the sums of $6,000.00 and $16,799.64, respectively.

Manufacturers and Traders Trust Company filed a secured proof of claim in the amount of $12,411.71 (its judgment of $9,144.45 plus interest) on May 26, 1981. National Fuel Gas Distribution Corporation filed a proof of claim on April 3, 1981 which claimed no security and recited the sum of $3,545.27 due it. No proof of claim has been filed by Verda-Ray Corporation.

Neither Manufacturers and Traders Trust Company nor Verda-Ray Corporation appeared in opposition to this motion. National Fuel Gas Distribution Corporation, however, opposed the motion and, on June 1, 1981, filed a notice of claim, in accordance with Local Rule 14, challenging the constitutionality of section 522(f)(1) of the Code. Due to an administrative error, that claim, until recently, was not forwarded to the Attorney General as required by section 2403(a), Title 28 U.S.C.

## I

This Court has jurisdiction over the parties and the subject matter. § 1471, Title 28 U.S.C.; §§ 506 and 522, Title 11 U.S.C.

## II

■ From the facts as they presently appear, section 522(f)(1) of the Bankruptcy Code does not apply to the judicial lien of National Fuel Gas and, therefore, the Court believes it appropriate to proceed without a response from the attorney General.* The

earlier and more sizeable judgment of the Manufacturers and Traders Trust Company renders the allowance of the National Fuel Gas claim as an unsecured claim appropriate under section 506, Title 11 U.S.C. Since neither Manufacturers and Traders Trust Company nor Verda-Ray Corporation have opposed the relief sought, it is appropriate to grant the relief requested in its entirety.

## III

The Court should add that National Fuel Gas Distribution Corporation has extensively briefed issues arising from section 522(f)(1). It, in particular, questions the decision of Judge Creahan of this court in *In re Lattimore*, 12 B.R. 111 (Bkrtcy.W.D. N.Y., 1981). There, the Court held that under New York law, a judicial lien was not the type of property interest the avoidance of which would raise a Fifth Amendment issue.

■ Some courts have already addressed the issue of whether retroactive application of section 522(f)(1) is constitutional.[3] Although not necessary to a resolution of this dispute, the Court does note that it is unlikely that a judicial lien creditor can successfully sustain a Fifth Amendment challenge to section 522(f)(1). Creditors holding valid preenactment judicial liens under various state laws were not subjected to a taking by virtue of the enactment of this subdivision, but instead were on notice that, unless they acted upon their lien rights prior to the forthcoming effective date, those rights would be lost. In effect, therefore, section 522(f)(1) acted much as a statute of limitations[4] and not as a taking. Similarly, postenactment, pre-effective date judicial lien creditors were on notice of the

* Subsequent to the preparation of this opinion, the Attorney General's office, by letter dated January 19, 1982 and filed January 27, 1982, officially declined to intervene in this matter.

**3.** Each of the following cases held that retroactive application of section 522(f)(1) is constitutional: *In re Clark*, 4 C.B.C.2d 898, 11 B.R. 828 (Bkrtcy.W.D.Pa.1981); *In re Jenkins*, 11 B.R. 958 (Bkrtcy.N.D.Cal.1981); *In re Burkholder*, 11 B.R. 346 (Bkrtcy.E.D.Pa.1981). *But see, In re*

*Lucero*, 2 C.B.C.2d 532, 6 B.C.D. 477, 4 B.R. 659 (Bkrtcy.D.Colo.1980) where the court held that retroactive application of section 522(f)(1) violates substantive due process guaranteed by the Fifth Amendment.

**4.** *See, e.g.,* Tenn.Code Ann. § 25–5–105 (1980) which limits the effectiveness of a judicial lien to a period of twelve months.

Code's provisions,[5] and, thus, had ample opportunity to act upon their lien rights.

Submit order on two days notice.

5. See, In re Ferguson, 14 B.R. 1004 (Bkrtcy.W.D.Pa.1981); In re Bradford, 3 C.B.C.2d 39, 6 B.C.D. 75, 6 B.R. 741 (D.Nev.1980).